UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONNY CROOK,

    Plaintiff,

v.                                          Case No. 4:19cv381-MW-HTC

AW D.E. MALLARD,
RMC MAIN UNIT,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronny Crook ("Crook"), a prisoner, initiated this civil action with a document titled "Petition for Writ of Mandamus." ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned recommends that this case be dismissed.

Plaintiff names as defendants Assistant Warden D.E. Mallard and the Reception and Medical Center. As relief, Plaintiff seeks an order compelling the Florida Department of Corrections or officials at the Reception and Medical Center

to take particular actions with regard to Plaintiff's need for accommodations due to his disabilities.

Under 28 U.S.C. § 1915A, the Court conducted a preliminary review for purposes of determining whether the case-initiating document states a cognizable claim. 28 U.S.C. § 1915A(a), (b). In an order dated August 16, 2019, the Court found that this action is not properly filed in this Court for the following reasons. ECF Doc. 2.

First, the petition is written on the pre-printed form for filing a petition for writ of mandamus with a Florida District Court of Appeal under Rule 9.100 of the Florida Rules of Appellate Procedure and appears to ask for relief under Florida, not federal, law. It appears, therefore, that Crook may have intended to file the petition with the Florida District Court of Appeal, rather than this Court.

Second, this Court cannot grant the relief requested. While the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the only relief sought. *Russell v. Knight*, 488 F.2d

96, 97 (5th Cir. 1973)[1]; *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (holding that because the defendants named in the state prisoner's complaint were not officers or employees of the United States or any agency thereof, the district court lacked jurisdiction to grant the mandamus relief the prisoner requested). This Court has no mandamus jurisdiction over the state agency or state employees and, therefore, lacks authority to compel them to perform the action Plaintiff requests.

Third, if Crook is seeking to challenge the conditions of his confinement (as opposed to the validity thereof), he must file a proper and valid civil rights action under 42 U.S.C. § 1983, after exhausting all available state remedies, with the court sitting in the district where the events complained of arise or where the defendants reside. *See* 28 U.S.C. § 1391(b). Here, the defendants and the events in question arise in the Middle District of Florida.

In the August 16 order, the Court therefore directed Crook to file a notice of voluntary dismissal or to show cause why this case should not be dismissed for the above reasons. ECF Doc. 2. Crook's response was due by September 6, 2019, but nothing has been received by the Court.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 4:19cv381-MW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of September, 2019.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.